IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY E. DIX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00024 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CONSTRUCTION METAL PRODUCTS, | ) | By: Hon. Jackson L. Kiser |
| INC., et al., | ) |     Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Johnny E. Dix's ("Plaintiff") Motion to Strike Defendant Construction Metal Products, Inc.'s ("CMP") Affirmative Defenses [ECF No. 55] and Motion to Strike Defendant M & W Tool, LLC's ("M&W") Affirmative Defenses [ECF No. 56]. The parties fully briefed the issues and submitted the matter for decision without oral argument. While the motions were pending, Plaintiff voluntarily dismissed his claims against M&W. (See Order, Aug. 18, 3016 [ECF No. 76].) Therefore, the motion to strike M&W's affirmative defenses will be denied as moot. For the reasons stated herein, the motion to strike CMP's affirmative defenses will be granted.

I.     <u>STATEMENT OF FACTS AND PROCEDURAL BACKGROUND</u>

According to Plaintiff's Third Amended Complaint, Plaintiff was injured while using a roof seamer that CMP provided to a job site on which Plaintiff was working. (Third Am. Compl. ¶ 18, May 6, 2016 [ECF No. 52].) While in use by Plaintiff, the roof seamer "ran out of control toward Plaintiff and struck him, knocking him from a scaffolding. Plaintiff fell to the ground, and suffered severe and permanent injuries." (<u>Id.</u> ¶ 25.)

Plaintiff asserts that the seamer "was designed, manufactured, or modified so as to be defective and unreasonably dangerous in several respects." (Id. ¶ 22.) Plaintiff filed suit against various defendants, including CMP, and alleged breach of the implied warranty of merchantability (id. ¶ 31), breach of the implied warranty of fitness for a particular purpose (id. ¶ 35), and failure to warn (id. ¶ 38). Plaintiff's Third Amended Complaint "remove[d] all claims based on negligence." (Pl.'s Mot for Leave to Amend, May 4, 2016 [ECF No. 50].)

CMP filed its Answer to the Third Amended Complaint on May 20, 2016 [ECF No. 53], and asserted that "Plaintiff assumed he risk(s) of potential injury to himself while in operation of the Roof Seamer" as an affirmative defense. (CMP Ans. aff. def. B [ECF No. 53].) Plaintiff now moves to strike that affirmative defense. (Mot. to Strike Ans. and Aff. Def., May 31, 2016 [ECF No. 55].) The parties briefed the issue and submitted the Motion for decision without oral argument. The matter is now ripe for disposition.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits a party to strike "an insufficient defense" from a pleading. Fed. R. Civ. P. 12(f). "[A] defense that . . . would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1381 (3d ed. 2004). "To prevail on a motion to strike, the movant must show that the challenged material 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [plaintiff].'" Jackson v. United States, No. 3:14-15086, 2015 WL 5174238, at *1 (S.D.W. Va. Sept. 2, 2015) (quoting 2-12 Moore's Federal Practice § 12.37[3] at 12 (3d ed. 2009)). On a motion to strike any part of a pleading, "the court must view the pleading under attack in a light most favorable to the pleader." Clark v. Milam, 152 F.R.D. 66, 71 (S.D.W. Va. 1993).

### III. DISCUSSION

The parties agree that Virginia law governs this dispute but disagree as to whether "assumption of the risk" is a valid defense to Plaintiff's breach of warranties claims. Contrary to CMP's argument, the Supreme Court of Virginia has plainly declared that "the tort or *ex delicto* defense of assumption of the risk is not applicable in an action for breach of an implied warranty." Wood v. Bass Pro Shops, 462 S.E.2d 101, 103 (Va. 1995), see also Coker v. Louisville Ladder, Inc., No. 4:08cv113, 2009 WL 2870030, at *3 (4th Cir. May 26, 2009) (citing Wood v. Bass Pro Shops, Inc., 462 S.E.2d 101, 103 (Va. 1995)); Hodges v. Fed.-Mogul Corp., No. 7:12-cv-00362, 2015 WL 9460567, at *6 n.5 (W.D. Va. Dec. 23, 2015). CMP's arguments against the holding in Wood rely on cases decided prior to Wood, see, e.g., Walker v. Caterpillar Indus., Nos. 93-2388, 93-2482, 1994 U.S. App. LEXIS 20301, at *10 n.3 (4th Cir. Aug. 4, 1994); Lust v. Clark Equip. Co., 792 F.2d 436, 440 (4th Cir. 1986), and which were functionally overturned by the Virginia Supreme Court's definitive holding. Therefore, it is clear that the defense of "assumption of the risk" "has no bearing on the subject matter of the litigation," 2-12 Moore's Federal Practice, supra, § 12.37[3], and should be stricken. CMP's argument that Wood "does not stand for Plaintiff's proposition that an assumption of the risk defense is insufficiently pled or results in any prejudice to the Plaintiff" misconstrues both Wood and Plaintiff's argument. Wood's holding is clear; Virginia law no longer recognizes[1] assumption of the risk as a valid defense in breach of implied warranty actions.

---

[1] Prior to Wood, the defense was valid. See Hoban v. Grumman Corp., 717 F. Supp. 1129, 1137 (E.D. Va. 1989) ("In Virginia, assumption of the risk is a defense to claims for both negligence and breach of implied warranty.")

## IV. CONCLUSION

Because Virginia law does not recognize CMP's affirmative defense in a breach of implied warranty action, it should and will be stricken.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 19th day of August, 2016.

        s/Jackson L. Kiser
        SENIOR UNITED STATES DISTRICT JUDGE